**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **EMPLOYMENT ALTERNATIVES,** | ) | |
| **LLC, d/b/a 360 SOLUTIONS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 10-00078-CV-W-GAF** |
| | ) | |
| **CHRIS MORROW, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## TEMPORARY RESTRAINING ORDER

Presently before the Court is Plaintiff Employment Alternatives, LLC, d/b/a 360 Solutions'

("Plaintiff"), Motion For Extension of Emergency Temporary Restraining Order, filed pursuant to

Fed. R. Civ. P. 65 and 28 U.S.C. § 1450. (Doc. #3). Plaintiff requests the Court extend the

Emergency Temporary Restraining Order (the "prior TRO") issued in this case by the Circuit Court

of Jackson County, Missouri, on January 22, 2010, prior to removal of this case to this Court. (Doc.

#1-3). The prior TRO was set to expire upon a hearing before the Circuit Court of Jackson County,

Missouri, at 9:00 a.m., January 27, 2010. *Id.* On January 26, 2010, Defendants Chris Morrow,

Kelly Morrow, and Two Morrows Enterprises, LLC (collectively "Defendants") filed their Notice

of Removal. (Doc. #1). Pursuant to 28 U.S.C. § 11446(d), the Circuit Court of Jackson County,

Missouri, no longer has jurisdiction to extend the temporary restraining order or hear testimony

thereon. Defendants oppose the present Motion.[1]  Upon consideration and for good cause shown, the Court finds as follows[2]:

1.  Plaintiff is in the business of providing employment services and staffing solutions in the greater Kansas City area.

2.  Plaintiff has developed and compiled certain confidential information and trade information (hereinafter, collectively, "Confidential Information") which provides it a competitive advantage in its industry.

3.  Defendant Chris Morrow was a management employee of Plaintiff wherein he had access to Plaintiff's Confidential Information.

4.  Defendant Kelly Morrow is a relative and business partner of Defendant Chris Morrow.

5.  Defendant Two Morrows Enterprises, LLC is owned, managed or operated by Defendants Chris Morrow and Kelly Morrow for the purpose of engaging in the business of offering employment services and staffing solutions to businesses in the greater Kansas City area in direct competition with Plaintiff.

---

[1]Defendants have not formally filed their opposition to the present Motion with the Court, but did submit a brief in opposition as an attachment to an email addressed to the Court. In their brief in opposition, Defendants attempt to fully argue the merits of their position. While the Court has reviewed Defendants' brief, such issues are more appropriate for discussion at a Preliminary Injunction Hearing, which Defendants would have received today but for their decision to remove this case.

[2]The Court's following findings are conclusive regarding only this Order and are subject to change based on evidence presented upon a full hearing of this matter.

6.     Defendant Chris Morrow signed an employment agreement while in Plaintiff's employ that contained certain non-compete, non-solicitation, and other restrictive covenants.

7.     There is a reasonable likelihood that Defendant Chris Morrow misappropriated Plaintiff's Confidential Information and continues to have access to said information.

8.     There is a reasonable likelihood that Defendant Kelly Morrow and Defendant Two Morrows Enterprises, LLC, due to their close relationship with Defendant Chris Morrow, will continue to directly and improperly benefit from the misappropriation of Plaintiff's Confidential Information if not restrained.

9.     Allowing Defendants to continue to benefit from the probable misappropriation of Plaintiff's Confidential Information while this case is pending trial upon the merits would be contrary to the public interest.

10.     Plaintiff will suffer immediate and irreparable injury, loss, or damage if Defendants are not immediately temporarily restrained and enjoined from conducting business in employment services and staffing solutions industry in the greater Kansas City area.

11.     Plaintiff has shown a reasonable probability of success in a trial upon the merits of this case.

12.     Plaintiff posted a Three Thousand Dollar ($3,000) bond with the Circuit Court of Jackson County, Missouri, as part of securing the Temporary Restraining Order in this matter.

WHEREFORE, being duly advised in all premises, and upon finding of the preceding facts, in accordance with Fed. R. Civ. P. 65 and 28 U.S.C. § 1450, it is

**ORDERED** that:

A.      The Temporary Restraining Order issued against Defendants by the Circuit Court of Jackson County, Missouri, and properly served upon Defendants, shall remain in full force and effect until a hearing on the preliminary injunction in this matter, which is set for 9:00 a.m., on the 10th day of February 2010 in Courtroom 8A, 400 E. 9th Street, Kansas City, Missouri, 64106.

B.      Bond in this matter is set at Three Thousand Dollar ($3,000). Plaintiff may deposit its check for the bond payable to the Clerk of the Court in the aforementioned amount with the Clerk. The Clerk of the Court shall hold said amount pending the Court's order to distribute the funds.

**IT IS SO ORDERED.**

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED:  January 27, 2010